# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2595
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jeff Parker, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 14, 2012
Filed: May 25, 2012
_____

Before RILEY, Chief Judge, WOLLMAN, and SMITH, Circuit Judges.
_____

PER CURIAM.

Jeff Parker appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He argues that the district court[1] erred in denying him an instruction on the defense of justification. We affirm.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

## I.

On February 24, 2010, law enforcement officers went to Parker's sister's home to arrest Parker on a probation violation charge. Parker had reported to his parole officer that he was living with his sister, but he was not there when the officers arrived. Parker's sister consented to a search of her home, wherein police discovered an unloaded shotgun in a room that contained some of Parker's personal belongings. Following his arrest, Parker told an officer that he had moved the gun from the basement to his bedroom to keep it away from the two children who lived in the home.

At trial, Parker requested a justification defense instruction, arguing that he had possessed the shotgun only temporarily out of concern for the children's safety. The district court denied the request, finding that Parker had not shown that he was in imminent danger of death or serious bodily injury, that he was forced to retain the gun because no reasonable legal alternatives existed, or that his continuous possession of the gun was justified.

## II.

"We review de novo a district court's decision whether there is sufficient evidence to submit an affirmative defense to a jury." United States v. El-Alamin, 574 F.3d 915, 925 (8th Cir. 2009) (quoting United States v. Hudson, 414 F.3d 931, 933 (8th Cir. 2005)). We have yet to recognize in a given case a justification defense to a violation of § 922(g). Id. Assuming that such a defense is available, a defendant must demonstrate:

(1)    he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;

(2)    that he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act;

(3)    that he had no reasonable, legal alternative to violating the law; and

(4)    that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm.

El-Alamin, 574 F.3d at 925.

Parker's proffer concerning these elements was inadequate because he failed to show imminency of threatened harm or that he was without reasonable, legal alternatives to possessing the gun. In United States v. Stover, we concluded that there was no imminent danger when a defendant retained a gun seized from an assailant for ten minutes after the assailant had fled the scene. 822 F.2d 48, 49-50 (8th Cir. 1987); see also United States v. Poe, 442 F.3d 1101, 1104 (8th Cir. 2006) (concluding there was no imminent danger when the defendant seized a gun from his assailant the night before and still possessed the gun the following morning). Parker's girlfriend testified that she saw the shotgun in Parker's room the night before police seized it. Assuming that a legitimate threat to the children's safety existed at the time he removed the gun from the common area, Parker retained possession of the gun after that threat had subsided. Parker "could have disposed of or abandoned the gun" at any time after removing it from the basement. See Poe, 442 F.3d at 1104 (citing Hudson, 414 F.3d at 934; United States v. Singleton, 902 F.2d 471, 473 (6th Cir. 1990)). He thus had reasonable alternatives to violating the law. In sum, because Parker failed to present sufficient evidence to warrant submitting it to the jury, the district court did not err in denying the request for a justification instruction.

## III.

The judgment of conviction is affirmed.

_____